IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD FOLKNER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>HARRY WILSON, et al., )<br>)<br>Respondents. ) | Civil Action No. 06 - 47<br><br>Judge David S. Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be transferred to the Federal District Court for the Eastern District of Pennsylvania.

### II.   REPORT

The Petitioner Richard Folkner, is currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"), located in LaBelle, Pennsylvania.  He has submitted for filing a habeas corpus action pursuant to 28 U.S.C. § 2254.  In that petition, he is challenging the sentence he is serving on a forgery conviction that was imposed in September 2001 in the Court of Common Pleas of Northampton County. SCI-Fayette is in Fayette County, which is located in this District.  28 U.S.C. § 118(c). Northampton County is located within the territory of the United States District Court for the Eastern District of Pennsylvania.  28 U.S.C. § 118(a).

**Applicable Legal Principles and Discussion**

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added).  Pursuant to 28 U.S.C. § 2241(d),[1] both the Western District and the Eastern District have jurisdiction to entertain this petition.  However, while this Court has jurisdiction to entertain the instant petition, it is not required to exercise this jurisdiction, especially if the interests of justice counsel otherwise.

Having established that jurisdiction is proper in either this District or the Eastern District, the next question is whether venue is proper in the Eastern District.[2]  Venue in habeas cases is proper in either the district in which the state conviction was obtained or in the district in which the petitioner is incarcerated.  See Walker v. Lockhart, 620

---

[1] 28 U.S.C. § 2241(d) provides as follows:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

[2] The issue of proper venue may be raised sua sponte by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).  To the extent that such action by a court requires notice to Petitioner and an opportunity to be heard before a transfer on grounds of venue, the issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

2

F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District. 28 U.S.C. § 2241(d)."); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970)("Although section 2241(d) primarily governs jurisdiction, we believe it has implications as to venue….")

As venue is proper in either this District or in the Eastern District, this Court must, in the exercise of its discretion, determine whether transferring this case to the Eastern District would be "in furtherance of justice." 28 U.S.C. § 2241(d). In performing this analysis, the courts may rely upon traditional venue considerations. See Braden v. 30th Judicial District, 410 U.S. 484, 493 (1973); Garcia v. Pugh, 948 F.Supp. 20, 23 (E.D. Pa. 1996). Those considerations include: 1) the location where the material events took place; 2) the location where records pertinent to the claim are likely to be found; 3) the convenience of the forum for the petitioner and the respondent and; 4) the familiarity of the court with the applicable laws. Roman v. Ashcroft, 162 F.Supp.2d 755, 765 (N.D. Oh. 2001).

Application of those traditional venue considerations to the facts of this case reveals that the case should be transferred to the Eastern District. The material events in this case took place in Northampton County. The state court records are located in Northampton County. Although one of the respondents is Petitioner's current warden, the Office of District Attorney for the County of Northampton is representing all of the Respondents, and the Eastern District would be a more convenient forum for that District Attorney's office. It is recognized that in the event that a hearing is held in this case, it may be less convenient for the Petitioner, who is incarcerated in this District, to

3

litigate the petition in the Eastern District; however, that is not clear, since, if a hearing is held, he will be transferred to the Eastern District, where he will have easier access to witnesses and records located there.  The last factor is evenly balanced as both this court and the Eastern District are familiar with the law of Pennsylvania.  Finally, it has long been the policy of all of the Federal District Courts in the Commonwealth of Pennsylvania to transfer habeas corpus petitions from the District in which the petitioner is incarcerated to the District in which the petitioner was convicted.  Considering all of these factors, it appears that they weigh in favor of transferring this petition to the Eastern District.  Accordingly, it is recommended that the case be transferred to the Eastern District of Pennsylvania.

### **CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                          s/Lisa Pupo Lenihan
                                                          Lisa Pupo Lenihan
                                                          United States Magistrate Judge

Dated: February 28, 2006

cc:    The Honorable David S. Cercone

      RICHARD FOLKNER
      GE-1423
      SCI Fayette
      50 Overlook Dr.
      LaBelle, PA 15450-1050

      Scott A. Bradley
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219